Receipt number AUSFCC-7933625

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 1. | Aikey, Thomas | |
| 2. | Ball, Mandy | Case No.: **22-605 C** |
| 3. | Barr, Zachary | |
| 4. | Bauder, Courtney | Judge: _____ |
| 5. | Benfer, Aaron | |
| 6. | Berge, Michael | |
| 7. | Birdsall, Heather | |
| 8. | Black, Jordan | |
| 9. | Bower, Kristoffer | |
| 10. | Bradway, Bryan | |
| 11. | Bronkoski, Darryl | |
| 12. | Buebendorf, Scott | |
| 13. | Bullington, Douglas | |
| 14. | Carpenter, Drew | |
| 15. | Cohick, Rachelle | |
| 16. | Crawley, Ty | |
| 17. | Criswell, Joshua | |
| 18. | Cupp, Dillon | |
| 19. | Davis, Natasha | |
| 20. | Decosta, Jeremy | |
| 21. | Dellomo, Kurtis | |
| 22. | Derr, Tiffani | |
| 23. | DeVett, Robert | |
| 24. | Diehl, Timothy | |
| 25. | Dock, Kevin | |
| 26. | Eichner, David Sr. | |
| 27. | Eroh, Douglas Jr. | |

28.    Feliciano, Sarah

29.    Fowler, Cody

30.    Fox, Jason

31.    Frymoyer, Jeremy

32.    Garlicki, Meghan

33.    Hakes, Nathan

34.    Hartman, Alexander

35.    Hecknauer, Mandy

36.    Herbster, Justin

37.    Hicks, Seth

38.    Hoffa, Stephanie

39.    Hornberger, Michael

40.    Hurley, Chad

41.    Jones, Gregory

42.    Keefer, Cody

43.    Kerstetter, James

44.    Klauger, Matthew

45.    Kline, Andrew

46.    Kline, Joshua

47.    Leisenring, Kody

48.    Leitzel, Kyle

49.    Longazel, Steve

50.    Longenberger, Mason

51.    Longenberger, Roseann

52.    Lorson, Aaron

53.    Lorson, Paul Jr.

54.    Loyek, Jerald

55.    Luckenbill, Brett

56.   Mensch, Daren

57.   Minier, Travis

58.   Mitterling, Brian

59.   Molek, Brett

60.   Mottern, Brandon

61.   Neff, Gregory

62.   Oberlin, Heath

63.   Pachan, Eric

64.   Page, Steven

65.   Peak, Noah

66.   Persing, Jeff

67.   Phelps, Maggie

68.   Portzline, Jamie

69.   Rabuck, Amanda

70.   Romano, Kasi

71.   Romano, Steven

72.   Romig, Justin

73.   Romig, Patricia

74.   Rose, Jared

75.   Ross, Sean

76.   Rovenolt, Sammi

77.   Sampson, William

78.   Samuels, Joseph

79.   Seeba, Heather

80.   Shade, Rikki

81.   Shiffer, Raymond Jr.

82.   Shilo, Melissa

83.   Smith, Trey

84.    Snyder, Christopher

85.    Steinbauer, Taylor

86.    Stugart, Rocky Jr.

87.    Ulrich, Ryan

88.    Vega, Andrew

89.    Wagner, Molly

90.    Wallace, Joshua

91.    Wickham, Rebecca

92.    Willis, Kevin

93.    Wiser, Brett

94.    Zanghi, Fred

95.    Zosh, Mark Jr.


Plaintiffs,


v.


THE UNITED STATES

Defendant

## **COMPLAINT**

1.    The plaintiffs are current and former employees employed by the defendant United States

Government at the U.S. Department of Justice, Bureau of Prisons, at the United States Penitentiary

("USP") Lewisburg in Lewisburg, Pennsylvania (hereinafter "USP Lewisburg" or "Institution").

Plaintiffs bring this action for a declaratory judgment, damages and other relief, pursuant to 29

U.S.C. § 216(b), 29 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2) and 1491, 5 U.S.C. §§ 5545(d),

5343(c)(4), 5596 (the Back Pay Act), and the overtime provisions of the Fair Labor Standards Act

(FLSA), 29 U.S.C. § 207, to remedy the defendant's willful and unlawful violations of law complained of herein.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, 28 U.S.C. § 1331, 29 U.S.C. § 216(b), 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 5 U.S.C. § 5596, and 28 U.S.C. § 2501.  Venue is proper pursuant to 28 U.S.C. § 1402.

3.    Plaintiff Thomas Aikey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utility Systems Repairer Operator Supervisor, WS-8, Step 5, at USP Lewisburg. At various times within the last six years, plaintiff Aikey has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Aikey is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Aikey worked in the Power Plant at USP Lewisburg.  Plaintiff Aikey worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Aikey never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Aikey contracted COVID-19.

4.    Plaintiff Mandy Ball is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Reentry Affairs Coordinator, GS-11, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Ball has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ball is entitled to "hazardous duty pay" for each such day.  At all times

relevant herein, plaintiff Ball worked in Programming and the Command Center at USP Lewisburg.  Plaintiff Ball worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Ball received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Ball contracted COVID-19.

5.      Plaintiff Zachary Barr is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Barr has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Barr is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Barr worked in the C, D, E, F, J, and H cell blocks at USP Lewisburg, along with the Segregation block.  The C, D, and H cell blocks were designated quarantine areas. Plaintiff Barr worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Barr never received any memos advising him of possible or actual exposure to the novel corona virus.

6.      Plaintiff Courtney Bauder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Bauder has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bauder is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bauder worked in multiple housing units at USP Lewisburg, including the designated quarantine areas.  Plaintiff Bauder worked multiple overtime shifts,

where she was further exposed to the novel corona virus. Plaintiff Bauder received at least one memo advising him of possible or actual exposure to the novel corona virus.

7.     Plaintiff Aaron Benfer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg. At various times within the last six years, plaintiff Benfer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Benfer is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Benfer worked in the Camp, Residential Drug/Alcohol Program ("RDAP"), and the A, C, D, E, F, G, H, I and J cell blocks at USP Lewisburg, along with the Special Housing Unit. The RDAP, J cell block, and Special Housing Unit were designated quarantine areas. Plaintiff Benfer worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Benfer never received any memos advising him of possible or actual exposure to the novel corona virus.

8.     Plaintiff Michael Berge is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Utility Systems Repairer Operator Supervisor, WS-8, Step 5, at USP Lewisburg. At various times within the last six years, plaintiff Berge has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Berge is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Berge worked in the Power Plant at USP Lewisburg. Plaintiff Berge worked multiple overtime shifts,

where he was further exposed to the novel corona virus. Plaintiff Berge received at least one memo advising him of possible or actual exposure to the novel corona virus.

9.    Plaintiff Heather Birdsall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Specialist, GS-11, Step 10, at USP Lewisburg. At various times within the last six years, plaintiff Birdsall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Birdsall is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Birdsall worked in the RDAP unit at USP Lewisburg, which was a designated quarantine area. Plaintiff Birdsall received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Birdsall contracted COVID-19.

10.    Plaintiff Jordan Black is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at USP Lewisburg. At various times within the last six years, plaintiff Black has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Black is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Black worked in the Camp and B, D, F, and X cell blocks at USP Lewisburg. The Camp and X cell block were designated quarantine areas. Plaintiff Black also worked the COVID screening site, bringing him into direct contact with potentially infected individuals. Plaintiff Black worked multiple overtime shifts, where he was further exposed to

the novel corona virus. Plaintiff Black never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Black contracted COVID-19.

11.    Plaintiff Kristoffer Bower is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg. At various times within the last six years, plaintiff Bower has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bower is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bower worked in multiple cell blocks at USP Lewisburg, including the designated quarantine areas. Plaintiff Bower worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Bower never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Bower contracted COVID-19.

12.    Plaintiff Bryan Bradway is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at USP Lewisburg. At various times within the last six years, plaintiff Bradway has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bradway is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bradway worked in the B, D, and Z cell blocks at USP Lewisburg, all of which were designated quarantine areas. Plaintiff Bradway worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Bradway

never received any memos advising him of possible or actual exposure to the novel corona virus.

13.    Plaintiff Darryl Bronkoski is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Safety Recycling Technician, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Bronkoski has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bronkoski is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bronkoski had to conduct inspections in all housing blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Bronkoski worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Bronkoski never received any memos advising him of possible or actual exposure to the novel corona virus.

14.    Plaintiff Scott Buebendorf is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Special Investigative Services Support Technician, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Buebendorf has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Buebendorf is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Buebendorf had to conduct investigations in all housing blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Buebendorf worked multiple overtime shifts, where he was further exposed to

the novel corona virus.  Plaintiff Buebendorf received at least one memo advising him of possible or actual exposure to the novel corona virus.

15.    Plaintiff Douglas Bullington is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule _____, GS-8, Step 9, at USP Lewisburg.  At various times within the last six years, plaintiff Bullington has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bullington is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bullington worked in multiple cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Bullington worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Bullington never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Bullington contracted COVID-19.

16.    Plaintiff Drew Carpenter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Carpenter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Carpenter is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Carpenter worked in all cell blocks at USP Lewisburg, including C block and the Special Housing Unit, which were designated quarantine areas.  Plaintiff Carpenter worked multiple overtime shifts, where he was further exposed to the novel

corona virus.  Plaintiff Carpenter received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Carpenter contracted COVID-19.

17.    Plaintiff Rachelle Cohick is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Cohick has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cohick is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cohick worked in all housing units at USP Lewisburg, including the C and X cell blocks, which were designated quarantine areas.  Plaintiff Cohick worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Cohick never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Cohick contracted COVID-19.

18.    Plaintiff Ty Crawley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Worker Foreman, WS-8, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Crawley has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Crawley is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Crawley worked in all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Crawley never received any memos advising him of possible or actual exposure to the novel corona virus.

19.    Plaintiff Joshua Criswell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Criswell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Criswell is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Criswell worked in the Camp and A, B, C, D, E, H, I and J cell blocks at USP Lewisburg, along with the Special Housing Unit.  The B, H, and J cell blocks were designated quarantine areas.  Plaintiff Criswell worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Criswell received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Criswell contracted COVID-19.

20.    Plaintiff Dillon Cupp is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Cupp has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cupp is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cupp worked in multiple cell blocks at USP Lewisburg, including the B cell block, which was a designated quarantine area.  Plaintiff Cupp's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Cupp worked multiple overtime shifts, where he was further exposed to the novel corona virus.

Plaintiff Cupp never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Cupp contracted COVID-19.

21.    Plaintiff Natasha Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Davis worked in the Camp, RDAP, and all cell blocks at USP Lewisburg.  The B, C, D, and H cell blocks, the Camp, and RDAP were designated quarantine areas.  Plaintiff Davis received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Davis contracted COVID-19.

22.    Plaintiff Jeremy Decosta is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at USP Lewisburg.  At various times within the last six years, plaintiff Decosta has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Decosta is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Decosta worked in all cell blocks at USP Lewisburg, along with the Special Housing Unit.  The B, C, G, and H cell blocks and the Special Housing Unit were designated quarantine areas at various times throughout the pandemic.  Plaintiff Decosta worked multiple overtime shifts, where he was further exposed to the novel corona virus.

Plaintiff Decosta received at least one memo advising him of possible or actual exposure to the novel corona virus.

23.    Plaintiff Kurtis Dellomo is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utility Systems Repairer Operator Supervisor, WS-8, Step 2, at USP Lewisburg.  At various times within the last six years, plaintiff Dellomo has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Dellomo is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Dellomo worked in the Power House at USP Lewisburg.  Plaintiff Dellomo worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Dellomo never received any memos advising him of possible or actual exposure to the novel corona virus.

24.    Plaintiff Tiffani Derr is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at USP Lewisburg.  At various times within the last six years, plaintiff Derr has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Derr is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Derr worked in the B and E cell blocks at USP Lewisburg.  The B cell block was a designated quarantine area at various times throughout the pandemic.  Plaintiff Derr never received any memos advising her of possible or actual exposure to the novel corona virus.

25.    Plaintiff Robert DeVett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff DeVett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff DeVett is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff DeVett worked in all housing blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff DeVett worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff DeVett never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff DeVett contracted COVID-19.

26.    Plaintiff Timothy Diehl is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at USP Lewisburg.  At various times within the last six years, plaintiff Diehl has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Diehl is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Diehl worked in the C, F, and G cell blocks at USP Lewisburg, along with the Special Housing Unit.  The C and G cell blocks and the Special Housing Unit were designated quarantine areas at various times throughout the pandemic.  Plaintiff Diehl worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Diehl received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Diehl contracted COVID-19.

27.    Plaintiff Kevin Dock is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 2, at USP Lewisburg.  At various times within the last six years, plaintiff Dock has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dock is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Dock worked in all cell blocks at USP Lewisburg, along with the Special Housing Unit.  These units included designated quarantine areas at various times throughout the pandemic.  Plaintiff Dock worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Dock never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Dock contracted COVID-19.

28.    Plaintiff David Eichner, Sr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Eichner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Eichner is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Eichner worked in the Tower at USP Lewisburg, where he was exposed to COVID-positive staff members.  Plaintiff Eichner worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Eichner never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Eichner contracted COVID-19.

29.    Plaintiff Douglas Eroh, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at USP Lewisburg.  At various times within the last six years, plaintiff Bower has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bower is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Eroh worked in the Camp and B, H, and J cell blocks at USP Lewisburg, along with the Special Housing Unit.  These units included designated quarantine areas at various times throughout the pandemic.  Plaintiff Eroh worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Eroh never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Eroh contracted COVID-19.

30.    Plaintiff Sarah Feliciano is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 2, at USP Lewisburg.  At various times within the last six years, plaintiff Feliciano has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Feliciano is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Feliciano worked in Food Services at USP Lewisburg.  Plaintiff Feliciano worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Feliciano received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Feliciano contracted COVID-19.

31.    Plaintiff Cody Fowler is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at USP Lewisburg.  At various times within the last six years, plaintiff Fowler has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fowler is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fowler worked in D, F, and H cell blocks at USP Lewisburg. The H cell block was a designated quarantine area at various times throughout the pandemic. Plaintiff Fowler worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Fowler never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Fowler contracted COVID-19.

32.    Plaintiff Jason Fox is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 8, at USP Lewisburg.  At various times within the last six years, plaintiff Fox has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fox is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fox worked in the Camp, RDAP unit, recreation areas, and B and D housing blocks at USP Lewisburg.  Several of these units were designated quarantine areas at various times throughout the pandemic.  Plaintiff Fox received at least one phone call advising him of possible or actual exposure to the novel corona virus, and plaintiff Fox contracted COVID-19.

33.    Plaintiff Jeremy Frymoyer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Electronics Technician, GS-11, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Frymoyer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Frymoyer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Frymoyer worked in all cell blocks at USP Lewisburg, along with the Special Housing Unit.  These units included designated quarantine areas at various times throughout the pandemic.  Plaintiff Frymoyer received at least one memo advising him of possible or actual exposure to the novel corona virus.

34.    Plaintiff Meghan Garlicki is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Garlicki has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Garlicki is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Garlicki worked in the A, B, D, E, F, H, I, and J cell blocks at USP Lewisburg, along with the Special Housing Unit.  These units included designated quarantine areas at various times throughout the pandemic.  Plaintiff Garlicki worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Garlicki never received any memos advising her of possible or actual exposure to the novel corona virus.

35.    Plaintiff Nathan Hakes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Treatment Specialist, GS-11, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Hakes has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hakes is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hakes worked in the E cell block at USP Lewisburg.  Plaintiff Hakes received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Hakes contracted COVID-19.

36.    Plaintiff Alexander Hartman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Hartman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hartman is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hartman worked in all housing blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Hartman worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Hartman never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Hartman contracted COVID-19.

37.    Plaintiff Mandy Hecknauer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Health Information Technician, GS-7, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Hecknauer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hecknauer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hecknauer worked in Health Services at USP

Lewisburg. Plaintiff Hecknauer worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Hecknauer never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Hecknauer contracted COVID-19.

38.    Plaintiff Justin Herbster is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at USP Lewisburg. At various times within the last six years, plaintiff Herbster has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Herbster is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Herbster worked in the E housing block at USP Lewisburg, which was a designated quarantine area at various times throughout the pandemic. Plaintiff Herbster worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Herbster never received any memos advising him of possible or actual exposure to the novel corona virus.

39.    Plaintiff Seth Hicks is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Case Manager, GS-11, Step 10, at USP Lewisburg. At various times within the last six years, plaintiff Hicks has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hicks is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hicks worked in the H and X cell blocks at USP Lewisburg. The H cell block was a designated quarantine area. Plaintiff Hicks worked multiple overtime shifts,

where he was further exposed to the novel corona virus. Additionally, during the pandemic, plaintiff Hicks made regular trips delivering medical supplies to MDC Brooklyn, MCC New York, and USP Danbury, increasing his risk of exposure exponentially. Plaintiff Hicks never received any memos advising him of possible or actual exposure to the novel corona virus.

40.    Plaintiff Stephanie Hoffa is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at USP Lewisburg. At various times within the last six years, plaintiff Hoffa has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hoffa is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hoffa worked in the RDAP unit and E and F cell blocks at USP Lewisburg, which were all designated quarantine areas. Plaintiff Hoffa received at least one memo advising her of possible or actual exposure to the novel corona virus.

41.    Plaintiff Michael Hornberger is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg. At various times within the last six years, plaintiff Hornberger has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hornberger is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hornberger worked in various cell blocks at USP Lewisburg, including the designated quarantine areas. Plaintiff Hornberger worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Hornberger

never received any memos advising him of possible or actual exposure to the novel corona

virus, and plaintiff Hornberger contracted COVID-19.

42.    Plaintiff Chad Hurley is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg.  At various times within

the last six years, plaintiff Hurley has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Hurley is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Hurley worked in the D and Z cell blocks at USP Lewisburg,

which were designated quarantine areas.  Plaintiff Hurley worked multiple overtime shifts,

where he was further exposed to the novel corona virus.  Plaintiff Hurley never received any

memos advising him of possible or actual exposure to the novel corona virus, and plaintiff

Hurley contracted COVID-19.

43.    Plaintiff Gregory Jones is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Maintenance Worker Supervisor, WS-8, Step 5, at USP Lewisburg.  At various times within the

last six years, plaintiff Jones has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Jones is entitled to "environmental differential pay"

for each such day.  At all times relevant herein, plaintiff Jones worked the C, D, and H cell

blocks at USP Lewisburg.  The H cell block was a designated quarantine area at various times

throughout the pandemic.  Plaintiff Jones worked multiple overtime shifts, where he was further

exposed to the novel corona virus. Plaintiff Jones received at least one memo advising him of possible or actual exposure to the novel corona virus.

44.    Plaintiff Cody Keefer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at USP Lewisburg. At various times within the last six years, plaintiff Keefer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Keefer is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Keefer worked in all cell blocks at USP Lewisburg, along with the Special Housing Unit. These units included designated quarantine areas at various times throughout the pandemic. Plaintiff Keefer worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Keefer received at least one memo advising him of possible or actual exposure to the novel corona virus.

45.    Plaintiff James Kerstetter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 6, at USP Lewisburg. At various times within the last six years, plaintiff Kerstetter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kerstetter is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Kerstetter worked in all cell blocks at USP Lewisburg, along with the Special Housing Unit. These units included designated quarantine areas at various times throughout the pandemic. Plaintiff Kerstetter worked multiple overtime shifts, where he was further exposed to the novel corona virus. Additionally, plaintiff Kerstetter was sent on

TDY to USP Elkton, increasing his risk of exposure exponentially.  Plaintiff Kerstetter received at least one memo advising him of possible or actual exposure to the novel corona virus.

46.    Plaintiff Matthew Klauger is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Klauger has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Klauger is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Klauger worked in Food Services at USP Lewisburg.  Plaintiff Klauger worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Klauger received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Klauger contracted COVID-19.

47.    Plaintiff Andrew Kline is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Kline has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kline is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kline worked in the Camp and various cell blocks at USP Lewisburg.  Plaintiff Kline worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Kline received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Kline contracted COVID-19.

48.    Plaintiff Joshua Kline is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at USP Lewisburg.  At various times within the last six years, plaintiff Kline has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kline is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kline worked in the Camp, RDAP, and all cell blocks at USP Lewisburg.  These units were designated quarantine areas at various times throughout the pandemic.  Plaintiff Kline worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Kline never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Kline contracted COVID-19.

49.    Plaintiff Kody Leisenring is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at USP Lewisburg.  At various times within the last six years, plaintiff Leisenring has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Leisenring is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Leisenring worked all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Leisenring worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Leisenring received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Leisenring contracted COVID-19.

50.    Plaintiff Kyle Leitzel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Leitzel has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Leitzel is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Leitzel worked in the Camp, the RDAP unit, and all cell blocks at USP Lewisburg, along with the Special Housing Unit.  These units included designated quarantine areas at various times throughout the pandemic.  Plaintiff Leitzel worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Leitzel received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Leitzel contracted COVID-19.

51.    Plaintiff Steve Longazel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Longazel has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Longazel is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Longazel worked in the Camp, the RDAP unit, and the A, B, C, E, H, and J cell blocks at USP Lewisburg, along with the Special Housing Unit.  These units included designated quarantine areas at various times throughout the pandemic.  Plaintiff Longazel worked multiple overtime shifts, where he was further exposed to the novel corona

virus.  Plaintiff Longazel never received any memos advising him of possible or actual exposure to the novel corona virus.

52.    Plaintiff Mason Longenberger is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 8, at USP Lewisburg.  At various times within the last six years, plaintiff Longenberger has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Longenberger is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Longenberger worked in the J cell block at USP Lewisburg.  Plaintiff Longenberger never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Longenberger contracted COVID-19.

53.    Plaintiff Roseann Longenberger is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Financial Program Specialist, GS-9, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Longenberger has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Longenberger is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Longenberger worked in various cell blocks at USP Lewisburg, including the designated quarantine areas, where she was responsible for taking inmate temperatures.  Plaintiff Longenberger worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Longenberger never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Longenberger contracted COVID-19.

54.    Plaintiff Aaron Lorson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Specialty Treatment Program Specialist, GS-11, Step 4, at USP Lewisburg.  At various times within the last six years, plaintiff Lorson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lorson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Lorson worked in the E and H cell blocks at USP Lewisburg.  These H cell block was a designated quarantine areas at various times throughout the pandemic.  Plaintiff Lorson received at least one text message advising him of possible or actual exposure to the novel corona virus, and plaintiff Lorson contracted COVID-19.

55.    Plaintiff Paul Lorson, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Plumbing Supervisor, WS-8, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Lorson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Lorson is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Lorson worked in all areas and cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Lorson worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Lorson never received any memos advising him of possible or actual exposure to the novel corona virus.

56.    Plaintiff Jerald Loyek is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Senior Correctional Officer, GS-7, Step 9, at USP Lewisburg.  At various times within the last six years, plaintiff Loyek has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Loyek is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Loyek worked in the Camp and the D, H, and J cell blocks at USP Lewisburg.  The Camp and J and D cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Loyek never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Loyek contracted COVID-19.v

57.    Plaintiff Brett Luckenbill is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Trust Fund Specialist, GS-9, Step 9, at USP Lewisburg.  At various times within the last six years, plaintiff Luckenbill has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Luckenbill is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Luckenbill worked in all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Luckenbill received at least one memo advising him of possible or actual exposure to the novel corona virus.

58.    Plaintiff Daren Mensch is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at USP Lewisburg.  At various times within the last six years, plaintiff Mensch has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Mensch is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mensch worked in the Camp and all cell blocks at USP Lewisburg.  These units were designated quarantine areas at various times throughout the pandemic.  Plaintiff Mensch worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Mensch never received any memos advising him of possible or actual exposure to the novel corona virus.

59.    Plaintiff Travis Minier is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Minier has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Minier is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Minier worked in the G, H, J, and X cell blocks at USP Lewisburg.  The X and H cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Minier received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Minier contracted COVID-19.

60.    Plaintiff Brian Mitterling is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at USP Lewisburg.  At various times within the last six years, plaintiff Mitterling has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mitterling is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mitterling worked in the B, D, E, H, and I cell blocks at USP

Lewisburg.  The H cell block was a designated quarantine area at various times throughout the pandemic.  Plaintiff Mitterling worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Mitterling received at least one memo advising him of possible or actual exposure to the novel corona virus.

61.    Plaintiff Brett Molek is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at USP Lewisburg.  At various times within the last six years, plaintiff Molek has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Molek is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Molek worked in A, B, and H cell blocks at USP Lewisburg.  The B and H cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Molek worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Molek received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Molek contracted COVID-19.

62.    Plaintiff Brandon Mottern is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at USP Lewisburg.  At various times within the last six years, plaintiff Mottern has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mottern is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mottern worked in the G, H, J, and X cell blocks at USP Lewisburg.  These H and X cell blocks were designated quarantine areas at various times

throughout the pandemic.  Plaintiff Mottern received at least one memo advising him of possible or actual exposure to the novel corona virus.

63.    Plaintiff Gregory Neff is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 7, at USP Lewisburg.  At various times within the last six years, plaintiff Neff has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Neff is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Neff worked in the A, D, E, F, H, and I cell blocks at USP Lewisburg.  The H cell block was a designated quarantine area at various times throughout the pandemic.  Plaintiff Neff worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Neff never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Neff contracted COVID-19.

64.    Plaintiff Heath Oberlin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-7, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Oberlin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Oberlin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Oberlin worked in the I and X cell blocks at USP Lewisburg.  The X cell block was a designated quarantine area at various times throughout the pandemic.  Plaintiff Oberlin received at least one memo advising him of possible or actual exposure to the novel corona virus.

65.    Plaintiff Eric Pachan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Pachan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pachan is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Pachan worked in the A, E, F, G, I, and J cell blocks at USP Lewisburg, along with the Special Housing Unit.  Several of these cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Pachan worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Pachan received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Pachan contracted COVID-19.

66.    Plaintiff Steven Page is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 4, at USP Lewisburg.  At various times within the last six years, plaintiff Page has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Page is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Page worked in Food Services at USP Lewisburg.  He also worked in various cell blocks, including designated quarantine areas.  Plaintiff Page worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Page received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Page contracted COVID-19.

67.    Plaintiff Noah Peak is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Peak has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Peak is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Peak worked in the Camp, RDAP unit, and all cell blocks at USP Lewisburg, along with the Special Housing Unit.  Several of these cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Peak worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Peak never received any memos advising him of possible or actual exposure to the novel corona virus.

68.    Plaintiff Jeff Persing is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule _____, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Persing has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Persing is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Persing worked in the Z cell block at USP Lewisburg, which was a designated quarantine area at various times throughout the pandemic.  Plaintiff Persing never received any memos advising him of possible or actual exposure to the novel corona virus.

69.    Plaintiff Maggie Phelps is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at USP Lewisburg.  At various times within the

last six years, plaintiff Phelps has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Phelps is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Phelps worked in the B and E cell blocks at USP Lewisburg.  Plaintiff Phelps never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Phelps contracted COVID-19.

70.    Plaintiff Jamie Portzline is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Portzline has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Portzline is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Portzline worked in all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Portzline worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Portzline received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Portzline contracted COVID-19.

71.    Plaintiff Amanda Rabuck is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Facilities Assistant, GS-7, Step 3, at USP Lewisburg.  At various times within the last six years, plaintiff Rabuck has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rabuck is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Rabuck worked in the D cell block at USP Lewisburg. Plaintiff Rabuck never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Rabuck contracted COVID-19.

72.    Plaintiff Kasi Romano is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at USP Lewisburg. At various times within the last six years, plaintiff Romano has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Romano is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Romano delivered commissary to the Camp, RDAP unit, and all cell blocks at USP Lewisburg, including designated quarantine areas. Plaintiff Romano never received any memos advising her of possible or actual exposure to the novel corona virus.

73.    Plaintiff Steven Romano is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 9, at USP Lewisburg. At various times within the last six years, plaintiff Romano has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Romano is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Romano worked in the D, H, I, and X cell block at USP Lewisburg, all of which were designated quarantine areas at various times throughout the pandemic. Plaintiff Romano never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Romano contracted COVID-19.

74.    Plaintiff Justin Romig is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Romig has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Romig is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Romig worked in the B and C cell blocks at USP Lewisburg. The B cell block was a designated quarantine area at various times throughout the pandemic. Plaintiff Romig worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Additionally, plaintiff Romig was sent on TDY to FCI Elkton, increasing his risk of exposure exponentially.  Plaintiff Romig never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Romig contracted COVID-19.

75.    Plaintiff Patricia Romig is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Case Manager, GS-7, Step 6, at USP Lewisburg.  At various times within the last six years, plaintiff Romig has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Romig is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Romig worked in the B, C, and D cell blocks at USP Lewisburg.  The B cell block was a designated quarantine area at various times throughout the pandemic. Plaintiff Romig worked multiple overtime shifts, where she was further exposed to the novel

corona virus.  Plaintiff Romig never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Romig contracted COVID-19.

76.    Plaintiff Jared Rose is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Rose has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rose is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Rose worked in the A, B, C, D, E, and H cell blocks at USP Lewisburg, along with the Special Housing Unit.  The B and H cell block and Special Housing Unit were designated quarantine areas at various times throughout the pandemic.  Plaintiff Rose worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Rose never received any memos advising him of possible or actual exposure to the novel corona virus.

77.    Plaintiff Sean Ross is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Ross has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ross is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Ross worked in multiple cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Ross worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Ross never received any memos advising

him of possible or actual exposure to the novel corona virus, and plaintiff Ross contracted COVID-19.

78.    Plaintiff Sammi Rovenolt is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Food Services Assistant, GS-7, Step 4, at USP Lewisburg.  At various times within the last six years, plaintiff Rovenolt has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rovenolt is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Rovenolt worked in the H and X cell blocks at USP Lewisburg, which were designated quarantine areas at various times throughout the pandemic. Plaintiff Rovenolt worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Rovenolt received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Rovenolt contracted COVID-19.

79.    Plaintiff William Sampson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 9, at USP Lewisburg.  At various times within the last six years, plaintiff Sampson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Sampson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Sampson worked in the mail room at USP Lewisburg. Plaintiff Sampson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Additionally, plaintiff Sampson was sent on TDY to USP Elton, increasing his risk of exposure exponentially.  While on this TDY assignment, plaintiff Sampson worked 12

hour shifts at 3 different hospitals watching inmates in ICU, three (3) of whom died from COVID while he was guarding them.  Plaintiff Sampson never received any memos advising him of possible or actual exposure to the novel corona virus.

80.    Plaintiff Joseph Samuels is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 3, at USP Lewisburg.  At various times within the last six years, plaintiff Samuels has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Samuels is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Samuels worked in Food Services at USP Lewisburg.  Plaintiff Samuels worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Samuels received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Samuels contracted COVID-19.

81.    Plaintiff Heather Seeba is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Infectious Disease Coordinator, GS-11, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Seeba has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Seeba is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Seeba worked in all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Seeba worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Seeba never received any memos advising

her of possible or actual exposure to the novel corona virus, and plaintiff Seeba contracted COVID-19.

82.    Plaintiff Rikki Shade is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Shade has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shade is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Shade worked in the Camp and RDAP unit at USP Lewisburg.  The Camp was a designated quarantine area at various times throughout the pandemic.  Plaintiff Shade received at least one phone call advising her of possible or actual exposure to the novel corona virus.

83.    Plaintiff Raymond Shiffer, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Shiffer has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Shiffer is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Shiffer worked in Food Services at USP Lewisburg.  Plaintiff Shiffer worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Shiffer received at least one memo advising him of possible or actual exposure to the novel corona virus.

84.    Plaintiff Melissa Shilo is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade

Food Service Supervisor, WS-8, Step 5, at USP Lewisburg.  At various times within the last six years, plaintiff Shilo has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Shilo is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Shilo worked in Food Services at USP Lewisburg.  Plaintiff Shilo worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Shilo received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Shilo contracted COVID-19.

85.    Plaintiff Trey Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Smith worked in the A, B, C, D, E, F, H, I, J, and Z cell blocks at USP Lewisburg.  The G, H, and Z cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Smith worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Smith never received any memos advising him of possible or actual exposure to the novel corona virus.

86.    Plaintiff Christopher Snyder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Snyder has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Snyder is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Snyder worked in the RDAP unit and all cell blocks at USP Lewisburg. Plaintiff Snyder worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Snyder received at least one memo advising him of possible or actual exposure to the novel corona virus.

87.    Plaintiff Taylor Steinbauer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg. At various times within the last six years, plaintiff Steinbauer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Steinbauer is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Steinbauer worked in all cell blocks at USP Lewisburg, including the designated quarantine areas. Plaintiff Steinbauer worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Steinbauer never received any memos advising her of possible or actual exposure to the novel corona virus.

88.    Plaintiff Rocky Stugart, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 3, at USP Lewisburg. At various times within the last six years, plaintiff Stugart has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stugart is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Stugart worked in Food Services at

USP Lewisburg.  Plaintiff Stugart received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Stugart contracted COVID-19.

89.    Plaintiff Ryan Ulrich is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at USP Lewisburg.  At various times within the last six years, plaintiff Ulrich has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ulrich is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Ulrich worked in the F, H, I, and X cell blocks at USP Lewisburg.  The H and X cell blocks were designated quarantine areas at various times throughout the pandemic. Plaintiff Ulrich received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Ulrich contracted COVID-19.

90.    Plaintiff Andrew Vega is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg.  At various times within the last six years, plaintiff Vega has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Vega is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Vega worked in all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Vega worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Vega never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Vega contracted COVID-19.

91.     Plaintiff Molly Wagner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at USP Lewisburg.  At various times within the last six years, plaintiff Wagner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wagner is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wagner's position in Receiving & Discharge required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Wagner worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Wagner received at least one memo advising her of possible or actual exposure to the novel corona virus.

92.     Plaintiff Joshua Wallace is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Chaplain, GS-12, Step 3, at USP Lewisburg.  At various times within the last six years, plaintiff Wallace has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wallace is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wallace worked in all cell blocks at USP Lewisburg, including the designated quarantine areas.  Plaintiff Wallace received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Wallace contracted COVID-19.

93.     Plaintiff Rebecca Wickham is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Correctional Systems Officer, GS-8, Step 8, at USP Lewisburg.  At various times within the last six years, plaintiff Wickham has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wickham is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wickham worked in the Control Center and Receiving & Discharge USP Lewisburg.  Plaintiff Wickham's position in Receiving & Discharge required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Wickham worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Wickham never received any memos advising her of possible or actual exposure to the novel corona virus.

94.    Plaintiff Kevin Willis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at USP Lewisburg.  At various times within the last six years, plaintiff Willis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Willis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Willis worked in the F, H, I, and J cell blocks at USP Lewisburg.  The F, I, and J cell blocks were designated quarantine areas at various times throughout the pandemic.  Plaintiff Willis worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Willis never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Willis contracted COVID-19.

95.    Plaintiff Brett Wiser is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Senior Correctional Officer, GS-7, Step 7, at USP Lewisburg. At various times within the last six years, plaintiff Wiser has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wiser is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Wiser worked in the H cell blocks at USP Lewisburg, along with the Special Housing Unit. The H cell block and Special Housing Unit were designated quarantine areas at various times throughout the pandemic. Plaintiff Wiser worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Wiser never received any memos advising him of possible or actual exposure to the novel corona virus.

96.    Plaintiff Fred Zanghi is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at USP Lewisburg. At various times within the last six years, plaintiff Zanghi has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Zanghi is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Zanghi worked in the Camp, RDAP unit, and all cell blocks at USP Lewisburg. The RDAP unit and G, H, and J cell blocks were designated quarantine areas at various times throughout the pandemic. Plaintiff Zanghi worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Zanghi received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Zanghi contracted COVID-19.

97.    Plaintiff Mark Zosh, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule Recreation Specialist, GS-9, Step 8, at USP Lewisburg. At various times within the last six years, plaintiff Zosh has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Zosh is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Zosh worked in the Camp and D and H cell blocks at USP Lewisburg. Plaintiff Zosh never received any memos advising him of possible or actual exposure to the novel corona virus.

98.    Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5342, and within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1). Their consent to sue forms are attached hereto as Exhibit "A".

99.    Each of the plaintiffs is a current or former correctional worker employed by the U.S. Department of Justice, Bureau of Prisons, at USP Lewisburg in Lewisburg, Pennsylvania. They have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b), and their consent to sue forms are attached as Exhibit A. These written consent forms set forth each plaintiff's name and home address.

100.    The defendant, United States of America, is and at all material times has been, an employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541. In addition, defendant United States of America is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d). Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

101.   At all times relevant herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

102.   At all times relevant herein, plaintiffs have been suffered or permitted to work, and have in fact worked, in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  As a result, at all times relevant herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rates of pay for the hours of overtime they have worked.

103.   USP Lewisburg houses approximately 1,114 inmates[1] in a low-security federal correctional institution with an adjacent minimum security satellite camp.  USP Lewisburg's entire complex employs more than 400 BOP correctional staff who provide daily correctional services to inmates.

104.   USP Lewisburg learned of its first positive COVID-19 test result of an inmate on April 3, 2020.  On April 7, 2020, the first staff member at USP Lewisburg tested positive for COVID-19.

105.   Unlike many Government employees, plaintiffs cannot work remotely, even during a pandemic.  This is because USP Lewisburg must be physically staffed 24 hours per day, 365 days per year with correctional workers, including plaintiffs.

106.   Plaintiffs are charged with the primary job duty of maintaining the safety and security of the Institution at all times, in significant part by coming into close physical proximity with inmates and other correctional workers.

---

[1] USP Lewisburg (bop.gov) (Last visited June 3, 2022).

107.    The posts and/or positions to which plaintiffs have been assigned within the Institution involve prolonged, close-quarters exposure to coworkers and/or inmates, often in indoor or enclosed settings with inadequate ventilation or personal protective equipment.

108.    The housing units at USP Lewisburg consist of ten cell blocks arranged in two-man cells.  The minimum-security Camp at the Institution consists of 10 open-bay dorms in a two-story building.

109.    At the beginning of the pandemic, an empty cell block was used to quarantine inmates from the Camp and the USP.  However, this cell block quickly filled up.  A feeble attempt was made to segregate the sick inmates from the uninfected population.  However, due to the fact that the entire cell house has a shared ventilation system, attempts to isolate or quarantine COVID-positive inmates was largely ineffectual.

110. The Institution also has its own "inside" hospital, which consists of a few exam rooms and a small emergency room.  COVID-positive inmates requiring hospital care had to be sent to facilities outside of the Institution.

**The Novel Corona Virus 2019**

111.    COVID-19 is a disease caused by infection with the Novel Corona Virus SARS-CoV-2.

112.    The Virus spreads most commonly "between people who are in close contact with one another" through droplets and aerosols "produced when an infected person coughs, sneezes, sings, talks, or breathes." *See* Ctrs. for Disease Control (CDC), Frequently Asked Questions, "Spread," https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Spread. It "can also land on surfaces and objects and be transferred by touch." *Id.*

113.    SARS-CoV-2 is a virus which, when introduced to the body, is likely to cause serious disease or fatality.

The Centers for Diseases Control and Prevention ("CDC") has determined that COVID-19, the disease caused by the infection of SARS-CoV-2 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders 13375 and 13674, and, therefore, is a "quarantinable communicable disease."  See Office of Pers. Mgmt., CPM 2020-05, Coronavirus Disease 2019 (COVID-19): Additional Guidance (March 7, 2020), available at https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance.  COVID-19 can cause symptoms ranging from mild illness to severe illness.  See Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, CDC, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited June 3, 2021).

114.    COVID-19 is often fatal.  More than 4,098,758 people worldwide, including more than 603,000 in the United States, have died from COVID-19.  See Coronavirus disease (COVID-19) pandemic, World Health Organization ("WHO"), https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited June 24, 2021); Coronavirus Disease 2019 (COVID-19), Cases in the U.S., CDC, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited July 20, 2021).

115.    COVID-19 spreads "very easily from person to person" and has been characterized as a pandemic by WHO.  Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited June 3, 2021).

116.    SARS-CoV-2 can be spread by touching infected objects or surfaces and by breathing

in areas where an infected person has coughed or exhaled.  As WHO explains, "the virus can

spread from an infected person's mouth or nose in small liquid particles when cough, sneeze,

speak, sing, or breathe heavily... The virus can also spread after infected people sneeze, cough

on, or touch surfaces, or objects, such as tables, doorknobs, and handrails."  Coronavirus disease

(COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "How does COVID-19 spread

between people?") (Last updated Oct. 20, 2020).

117.    According to researchers at the National Institutes of Health, SARS-CoV-2 can persist

on surfaces for up to three (3) days.  Study suggests new coronavirus may remain on surfaces

for days, Nat'l Institutes of Health, https://www.nih.gov/news-events/nih-research-

matters/study-suggests-new-coronavirus-may-remain-surfaces-days (Mar. 24, 2020).

Accordingly, contact with an infected object or surface may present a risk of transmission for

days from the time the object or surface becomes infected.

118.    A person who is infected with SARS-CoV-2 may not present symptoms immediately.

Rather, there is an "incubation period" in which a person is infected but has not begun to

present symptoms.  According to the WHO, "[t]he time from exposure to COVID-19 to the

moment when symptoms begin is, on average, 5-6 days and can range from 1-14 days."  Q&A

on coronavirus (COVID-19), WHO (Apr. 17, 2020), https://www.who.int/news-room/q-a-

detail/q-a-coronaviruses (open "How long does it take to develop symptoms?") (last updated

Oct. 20, 2020).

119.    An infected person may spread SARS-CoV-2  before he or she begins to present

significant symptoms.  As the WHO explains, "[w]hether or not they have symptoms, infected

people can be contagious and the virus can spread from them to other people.  Laboratory data

suggests that infected people appear to be most infectious just before they develop symptoms

(namely 2 days before they develop symptoms) and early in their illness."  Coronavirus disease

(COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "When do infected people

transmit the virus?") (last updated Oct. 20, 2020).

120.    Correctional facilities present an especially hazardous environment for the spread of

virulent biologicals such as SARS-CoV-2.  As United States Department of Justice ("DOJ"),

Office of the Inspector General ("OIG") has explained, and according to the CDC, "the

confined nature of correctional facilities, combined with their congregant environments,

heighten[s] the potential for COVID-19 to spread once introduced into a facility."  Pandemic

Response Report 21-012, Remote Inspection of Federal Medical Center Fort Worth, DOJ OIG

(Dec. 15, 2020), available at https://oig.justice.gov/sites/default/files/reports/20-012.pdf; see

also Pandemic Response Report 21-032, Remote Inspection of Federal Transfer Center Milan

(Jan. 28, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-032.pdf.

121.    The CDC has also observed that "[c]orrectional and detention facilities face unique

challenges in the control of COVID-19." COVID-19 Management Assessment and Response

Tool (CMAR) for Correctional and Detention Facilities, CDC, CS 320395-A at 1 (Nov. 19,

2020), available at https://www.cdc.gov/coronavirus/2019-

ncov/downloads/community/Manage-Assess-Response-Tool-508.pdf.  "Facilities include

custody, housing, education, recreation, healthcare, food service, and workplace components in

congregate settings, where recommended physical/social distancing may often be impractical."

Id.

122.    SARS-CoV-2 can spread in the air through droplets.

123.    SARS-CoV-2 can spread through aerosolization of the virus into the air.

124.    A single one-millimeter droplet may carry as many as ~50,000 viruses in case of a viral load of $10^8$ per milliliter respiratory fluid, which is realistic and higher than the estimated infectious dose for SARS-CoV-2.[2]

125.    Aerosols are physically defined as airborne solid or liquid particles with diameters smaller than 100 μm, which can remain suspended over extended periods of time. In medical studies, however, a threshold diameter of 5 μm has often been used to distinguish between a so-called "aerosol mode" and a "droplet mode".[3]

126.    Enrichment of viruses in the aerosol mode can enhance their transmission because smaller particles remain suspended for a longer time, leading to stronger accumulation and dispersion in the air.

127.    Aerosols have higher airborne virus concentrations, inhaled virus numbers, and infection risks – especially in densely occupied rooms with poor ventilation and long periods of exposure.

---

[2] M. Imai, K. Iwatsuki-Horimoto, M. Hatta, S. Loeber, P. J. Halfmann, N. Nakajima, T. Watanabe, M. Ujie, K. Takahashi, M. Ito, S. Yamada, S. Fan, S. Chiba, M. Kuroda, L. Guan, K. Takada, T. Armbrust, A. Balogh, Y. Furusawa, M. Okuda, H. Ueki, A. Yasuhara, Y. Sakai-Tagawa, T. J. S. Lopes, M. Kiso, S. Yamayoshi, N. Kinoshita, N. Ohmagari, S. I. Hattori, M. Takeda, H. Mitsuya, F. Krammer, T. Suzuki, Y. Kawaoka, Syrian hamsters as a small animal model for SARS-CoV-2 infection and countermeasure development. Proc. Natl. Acad. Sci. U.S.A. 117, 16587–16595 (2020). doi:10.1073/pnas.2009799117pmid:32571934

[3] N. H. L. Leung, D. K. W. Chu, E. Y. C. Shiu, K.-H. Chan, J. J. McDevitt, B. J. P. Hau, H.-L. Yen, Y. Li, D. K. M. Ip, J. S. M. Peiris, W.-H. Seto, G. M. Leung, D. K. Milton, B. J. Cowling, Respiratory virus shedding in exhaled breath and efficacy of face masks. Nat. Med. 26, 676–680 (2020). doi:10.1038/s41591-020-0843-2pmid:32371934

128.    Moreover, small aerosol particles have a higher penetration rate and higher probability of reaching the lower respiratory tract. [4]

## THE NOVEL CORONA VIRUS AT USP LEWISBURG

129.    As of June 2, 2022, 342 inmates at USP Lewisburg were confirmed to have recovered from the virus, along with 171 staff[5]. However, the accuracy of these numbers is dubious at best, especially when considering that of the 58 plaintiffs who returned supplemental information forms with the details set forth hereinabove, 25 of those plaintiffs contracted COVID-19.  While it cannot be definitively extrapolated to a definite number of cases, these plaintiffs are clear and convincing evidence that the numbers being reported by BOP are inaccurate.  If extremely limited research focused only on correctional workers revealed this much of a discrepancy, it is not improbable to assume that the number of reported COVID-positive inmates is also called into question.

130.    Additionally, the "Covid dashboard" is misleading; while the current number of "recovered inmates" is 342, that number was as high as 466 on February 18, 2022.

131.    The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

132.    Defendant also retains records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

---

[4] https://doi.org/10.1126/science.abg6296
[5] These are the numbers reported by BOP to OIG and shown on their "COVID dashboard" online.

133.   Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.  These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

134.   Numerous staff absences during the COVID-19 outbreak at Lewisburg forced some institution staff to work longer shifts—in some instances as much as 40 hours straight.

135.   Both before and during the documented outbreak of COVID-19 among the inmates and correctional workers at the Institution, plaintiffs have been assigned to individual posts and/or positions within the Institution for each shift.  Defendant maintains a record of each plaintiff's employment and daily assignments, going back to the plaintiff's first assignment within the Institution.  Accordingly, defendant knows the posts and/or positions to which each plaintiff has been assigned on a daily basis going back at least six years from today.

136.   Correctional staff and inmates in the housing units were not immediately advised of the inmates' positive results or instructed to wear appropriate PPE, including N95 respirators, goggles, gloves, and gowns, for close contact with COVID-19 infected individuals consistent with BOP guidance.

137.   Staff who were in close contact with inmates suspected or confirmed to have COVID-19 did not have access to an N95 respirator at the beginning of the Lewisburg outbreak in mid-to late March despite a February 29 BOP directive and attached inmate screening tool that made clear that such staff should wear an N95 respirator.

138.   USP Lewisburg did not immediately separate COVID positive inmates from their cell mates or open bay mates who had pending test results.

139.   Additionally, when infected inmates were removed from their cells and transferred to isolation units, other inmates were moved into the cells that were vacated, in many instances, without any cleaning or sanitation of the cell between inmates.

140.   COVID-19, or the Novel Corona Virus, is spread via airborne droplets which can remain in the air for multiple minutes after each breath an infected individual takes, and can settle on surfaces and live for multiple hours.

141.   Employees who worked around inmates were inevitably exposed to these droplets which meet the definition of a viral biological and micro-organism.

142.   Plaintiffs regularly interact with inmates and come into close proximity or direct physical contact with members of the inmate population on a daily basis.  For example, whether at an assigned post or otherwise traveling within the Institution, plaintiffs are responsible for performing inmate "pat downs" requiring close proximity and direct physical contact with inmates.  Plaintiffs must also participate in other searches (e.g., of inmate living quarters) which put them in close proximity and physical contact with inmates and their personal effects. Plaintiffs are also required to clean inmate cells of bodily fluids, and participate in prisoner transport to hospitals.

143.   Plaintiffs also come into close physical proximity with coworkers and inmates when performing daily job duties around the Institution, such as closely supervising inmates assigned to daytime activities ("work detail"), correcting inmate behavior, distributing equipment for use by inmates, escorting inmates throughout the Institution, and/or waiting in small, enclosed "sallyports" with coworkers and/or inmates.

144.   In addition, Plaintiffs come into close physical proximity and direct contact with coworkers when they engage in a required information and equipment exchange during the shift

exchange process for the 24-hour posts.  During this exchange, the outgoing correctional worker provides a critical verbal briefing to the oncoming officer or other correctional worker regarding security incidents and inmate information obtained during the prior shift.  The outgoing correctional worker also hands off a set of shared but required security equipment - including radios, keys, and OC spray- to the oncoming correctional worker.

145.    For the non-24-hour posts, staff arrives in the Institution (going through x-ray machine, sally port, administration building, and control center), exchanges chits for equipment for keys, OC spray, handcuffs, and repeats these steps at the end of the day/shift.  Regardless of post or assignments, plaintiffs must enter into the Institution for each shift, coming into close personal contact with coworkers and/or inmates, and physically touch equipment that is regularly handled by coworkers, including, but not limited to metal chains, metal accountability chits, keys, handcuffs, radios, and the radio charging stations located at each housing unit.

146.    Regardless of post or assignment, plaintiffs must also physically touch objects and surfaces throughout the Institution that are regularly handled by coworkers and inmates, including, but not limited to, door handles, security gates, cell doors, work stations/computes, logbooks, trash and trash receptacles, inmate effects and possessions, work tools, restroom surfaces, sinks and toilets, and other communal objects.

147.    Plaintiffs also work in close proximity to inmates and other coworkers potentially infected with COVID-19 when transporting prisoners in between institutions, when processing new arrivals and their personal effects, and when escorting new arrivals to points within USP Lewisburg.  As the OIG has admitted, "[a]ny time prisoners are moved, there is an inherent risk that the prisoner could transmit COVID-19 to other parties including the transporting officials, other prisoners, and staff or inmates of the destination facility." Review of the United States

Marshals Service's Response to the COVID-19 Pandemic, Audit Division 21-034, OIG (Feb. 3, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-034.pdf.  "This is because of the necessary interactions between prisoners and staff that take place during transportation operations as well as the confined spaces of buses and aircraft, even when social distancing is encouraged." *Id*.

148.   At USP Lewisburg, correctional workers were not and are not informed of the COVID-19 status of all transported inmates, even when that status is known by the Agency. Plaintiffs, as well as the Institution as a whole, are at substantial risk of SARS-CoV-2 exposure with every interaction with transported prisoners, every prisoner escorted, and every new arrival processed.

149.   Numerous staff absences during the COVID-19 outbreak at Lewisburg forced some Institution staff to work longer shifts – in some instances as much as 40 hours straight – and to move between COVID-positive units and non-COVID positive units, potentially becoming vectors of transmission.

150.   The foregoing exposure to areas, objects, surfaces, and/or individuals infected with SARS-CoV-2 was not taken into account in the classification of plaintiffs' positions.

151. Defendant has not provided sufficient protective equipment nor measures to practically eliminate the hazard of exposure to SARS-CoV-2 at USP Lewisburg.  From the beginning of the pandemic until the present time, correctional workers were given one (1) N95 respirator. CDC guidance provides that reusing an N95 respirator is not recommended; however, in the event that it must be, it should be re-used a maximum of five (5) times.  Further, not all employees were given N95 respirators; some were only issued cloth masks made by the Unicor facility at the Institution.

152.   Plaintiffs work in close proximity to SARS-CoV-2at the Institution, and they have performed work that involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

153.   On March 21, 2020, the Federal Bureau of Prisons put the facility on "lock down" to try to stem the spread of the COVID-19 outbreak.

154.   Common equipment, such as radios and keys, was not regularly sanitized.

155.   Correctional Officers were assigned to work shifts at USP, which had multiple COVID-19 cases, only to be mandated to work another shift at the Camp.  Officers who were assigned to guard COVID-positive inmates on an isolation ward at the local hospital might return to the Institution the next day and be assigned to work in the general population areas.  In this way, BOP's practice of "mandating" effectively served to increase the risks for everyone at the Institution, inmates and correctional staff alike.

## **HAZARD PAY**

156.   Plaintiffs Ball, Barr, Bauder, Benfer, Birdsall, Black, Bower, Bradway, Bronkoski, Buebendorf, Bullington, Carpenter, Cohick, Criswell, Cupp, Davis, Decosta, DeVett, Diehl, Dock, Eichner, Eroh, Fowler, Fox, Frymoyer, Garlicki, Hakes, Hartman, Hecknauer, Herbster, Hicks, Hoffa, Hornberger, Hurley, Keefer, Kerstetter, Andrew Kline, Joshua Kline, Leisenring, Leitzel, Longazel, Mason Longenberger, Roseann Longenberger, Aaron Lorson, Loyek, Luckenbill, Mensch, Minier, Mitterling, Molek, Mottern, Neff, Oberlin, Pachan, Peak, Persing, Phelps, Portzline, Rabuck, Steven Romano, Justin Romig, Patricia Romig, Rose, Rovenolt, Sampson, Seeba, Shade, Smith, Snyder, Steinbauer, Ulrich, Vega, Wagner, Wallace, Wickham,

Willis, Zanghi, and Zosh are all General Schedule Employees under 5 U.S.C. § 5545(d) and its regulations in 5 CFR 550 5 C.F.R. §§ 550.902

157.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 156 and including paragraph 156 of this Complaint.

158.    Section 5545(d) of Title 5 of the U.S. Code provides that the United States Office of Personnel Management (OPM) shall establish a schedule of pay differentials for duty by federal employees involving unusual physical hardship or hazard.  Section 5545(d) further provides that OPM prescribe "such minimum periods as it determines appropriate" during which an employee who performs duty involving physical hardship or hazard is entitled to hazardous duty pay.

159.    Pursuant to Section 5545(d) of Title 5, OPM has issued regulations at 5 C.F.R. §§ 550.901-550.907 pertaining to hazardous duty pay.  These regulations establish a schedule of hazardous pay differentials and provide, inter alia, that an employee who qualifies for hazardous duty pay shall be paid hazardous duty pay for each day that the employee is exposed to hazardous duty or physical hardship.

160.    The schedule of hazardous duty pay differentials that OPM has established in regulations  5 C.F.R. §§ 550.901-550.907 provides that agencies shall pay hazardous duty pay to employees who are exposed to virulent biologicals, such as the Novel Corona Virus, to which plaintiffs have been exposed.  They further provide that the hazardous duty pay differential which the agency shall pay the employees equals twenty-five percent (25%).

161.    Since at least March 2020, through the present and continuing and ongoing, plaintiffs and others similarly situated have performed work with or in close proximity to the novel corona virus, including, without limitation, work performed with or in close proximity to

- 63 -

facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the virus without sufficient protective devices.

162.   Although plaintiffs have been exposed to virulent biologicals, defendant has failed and refused, and continues to fail and refuse, to pay plaintiffs the twenty-five percent (25%) pay differential for each day that plaintiffs have been required to work in close proximity to COVID-19.  By failing and refusing to pay plaintiffs a twenty-five percent (25%) pay differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and is continuing to violate, the provisions of Title 5 relating to hazardous duty pay at 5 U.S.C. § 5545(d).

163.   As a consequence of defendant's failure and refusal to pay plaintiffs hazardous duty pay at all times relevant herein, plaintiffs have been unlawfully deprived of hazardous duty pay and other relief for the maximum statutory period allowed under federal law.

164.   As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.  For example, the defendant is in exclusive possession of relevant personnel files and records reflecting plaintiffs' dates of hire/separation, job descriptions, and work assignments, as well as records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

165.   Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

166.   Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

167.   As a result of plaintiffs' performance of their official duties in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19, as alleged herein, plaintiffs have been exposed to "virulent biologicals" within the meaning of Subpart I of Part 550 of Title 5, Code of Federal Regulations, and hazardous micro-organisms within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

168.   Moreover, as a result of the Bureau's handling of the crisis, employees' duties were changed in an irregular manner which put the employees at even greater risk of contact with COVID-19.

169.   Defendant has not compensated plaintiffs with the hazardous duty pay differential for exposure to virulent biologicals as set forth in Appendix A to Subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous microorganisms set forth in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  Accordingly, defendant has failed to provide hazardous duty and environmental differential pay to plaintiffs when they work with or in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19 as required by 5 U.S.C. § 5545(d) and 5 U.S.C. § 5343(c)(4).

170.   Because defendant has failed to pay plaintiffs hazardous duty pay and/or environmental pay differentials, defendant has not included such pay when calculating

plaintiffs' regular rates of pay for purposes of calculating and paying overtime compensation under the FLSA.

171.   By the nature of the term, pandemics are not usual, and pandemic response is not a usual duty considered with the occupations of named Plaintiffs.

172.   The pandemic and the response to the pandemic caused the Plaintiffs to work in unusually severe working conditions including the long overtimes, risk of infection by the novel corona virus, Inmate unrest due to high rates of inmate infections, and short staffing causing staff to work in unfamiliar positions.

173.   Each named employee was assigned to work and did perform work where they were under constant exposure to the novel corona virus.

## ENVIRONMENTAL DIFFERENTIAL PAY

174.   Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 173 and including paragraph 173 of this Complaint.

175.   Plaintiffs Aikey, Berge, Crawley, Dellomo, Feliciano, Jones, Klauger, Paul Lorson Jr., Page, Kasi Romano, Samuels, Shiffer, Shilo, and Stugart are all Wage Grade employees under 5 U.S.C. § 5341 *et seq.*, and its regulations in 5 C.F.R. § 532.101, *et seq.*

176.   Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations regarding wage schedules and rates for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards.  See 5 C.F.R. § 532.511.

177.   The schedule of environmental differentials is contained in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  See 5 C.F.R. § 532.511(d).

178.    The schedule of environmental differentials provides that agencies shall pay an eight

percent (8%) environmental pay differential when employees perform work with or in close

proximity to "micro-organisms which involves potential personal injury such as death, or

temporary, partial or complete loss of faculties or ability to work due to acute, prolonged, or

chronic disease" in situations where "the use of safety devices and equipment, medical

prophylactic procedures such as vaccines and antiserums and other safety measures do not exist

or have been developed but have not practically eliminated the potential for such personal

injury" or a four percent (4%) environmental differential when employees perform work with or

in close proximity to "micro-organisms in situations for which the nature of the work does not

require the individual to be in direct contact with primary containers of organisms pathogenic

for man" where "the use of safety devices and equipment and other safety measures have not

practically eliminated the potential for personal injury."  5 C.F.R. Pt. 532, Subpt. E., App. A.

179.    The regulations provide that "[a]n employee entitled to receive an environmental

differential shall be paid an amount equal to the percentage rate authorized by the Office of

Personnel Management for the category in which the working condition or hazard falls,

multiplied by the rate for the second step of WG-10 for the appropriated fund employees and

NA-10 for the nonappropriated fund employees on the current regular non-supervisory wage

schedule for the wage area for which the differential pay is payable, counting one-half cent and

over as a whole cent."  5 C.F.R. § 532.511(b)(1).

180.    An employee entitled to an environmental differential on the basis of hours in a pay

status "shall be paid for all hours in a pay status on the day on which he/she is exposed to the

situation."  5 C.F.R. § 532.511(b)(3).

181.   Since at least April of 2020, through the present and continuing and ongoing, plaintiffs paid pursuant to the prevailing rate pay system and other similarly situated prevailing rate employees have performed work with or in close proximity to the Novel Corona Virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the Virus without sufficient protective devices.

182.   The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

183.   Defendant also retains records reflecting the names of employees and inmates who have had COVID-19 which is a disease that occurs due to the infection of the Novel Corona virus, when they had COVID-19 or potential/likely COVID-19 infection, and their locations in the Institution during that time.

184.   Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.

185.   These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

186.   Defendant has failed, and continues to fail, to pay plaintiffs the eight or four percent environmental differential listed in Appendix A to Subpart E or Part 532 of Title 5, Code of Federal Regulations for each period when they have been exposed to COVID-19 through the performance of their official duties.

187.    By failing to pay plaintiffs the eight or four percent environmental differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and continues to violate, the provisions of 5 U.S.C. § 5343(c)(4).

188.    As a consequence of defendant's failure to pay plaintiffs environmental differential pay, plaintiffs have been unlawfully deprived of environmental differential pay and other relief.

189.    As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.

190.    Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them an environmental differential.

191.    Plaintiffs are entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## COUNT 3 - FLSA Regular Rate

192.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 191 and including paragraph 191 of this Complaint.

193.    Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of 40 hours in a week at the rate of one and one-half (1 ½) times an employee's "regular rate of pay."  In addition, Section 551.501 of the Code of Federal Regulations, 5 C.F.R. § 551.501, provides that federal agency employers, such as the Bureau of Prisons, shall compensate their employees at a rate of not less than one and one-half (1 ½) times the employees' regular rate of pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a work week.

194.   At all times relevant herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and have been paid overtime pay for such work, defendant has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay.

195.   Defendant has violated the FLSA by failing to include hazardous duty pay and environmental pay differential payments owed to plaintiffs as set forth in Courts 1 and 2 above, in the regular rate of pay at which FLSA overtime is paid.

196.   The FLSA claim in this case is limited exclusively to the improper calculation of the regular rate of pay used by the defendant when it paid FLSA overtime pay to plaintiffs caused by the failure of the defendant to include hazardous duty and/or environmental pay differential payments, to which plaintiffs have been and continue to be entitled as explained by paragraphs 1- herein.

197.   By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, defendants has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  Therefore, at all times relevant herein, plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

198.   As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.

199.   Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for defendant's failure to pay overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

200.   Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for defendant's failure to pay them overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

201.   Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), and the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court:

(a)    Enter judgment declaring that defendant has willfully and wrongfully violated its statutory obligations and deprived each of the plaintiffs of their rights;

(b)    Order a complete and accurate accounting of all the compensation to which plaintiffs are entitled;

(c)    Award each plaintiff monetary damages, plus interest;

(d)    Award each plaintiff liquidated damages equal to the backpay awarded on their FLSA regular rate violation claims;

(e)    Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)    Grant such other relief as may be just and proper.

Respectfully submitted by:

WHITEHEAD LAW FIRM

June 2, 2022

   /s/ Jack K. Whitehead, Jr.
JACK K. WHITEHEAD, JR.. #17863
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Louisiana  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com
*Attorney for Plaintiffs*


   /s/  John-Ed L. Bishop
JOHN-ED L. BISHOP #31622
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Louisiana  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com


   /s/ Joshua L. Davis
JOSHUA L. DAVIS #39153
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Louisiana  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com


*Of Counsel for Plaintiffs*